UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY D. HUDKINS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>K. CLARK, WARDEN,<br><br>　　　　　Respondent. | Case No. 1:22-cv-00375-HBK(HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION[1]<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>(Doc. No. 1)<br><br>ORDER TO ASSIGN DISTRICT JUDGE |

Petitioner Timothy D. Hudkins is a state prisoner proceeding *pro se* on his petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). This matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. *See* R. Governing § 2254 Cases 4; 28 U.S.C. § 2243. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Because the petition raises a civil rights claim and is duplicative of a pending civil rights case, the undersigned recommends that the petition be dismissed.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

## I. BACKGROUND

Petitioner is incarcerated at the California State Prison, Corcoran located in Corcoran, California.  According to the petition, Petitioner has allegedly not been given adequate medical care, his First Amendment rights have been violated, and he has been denied access to the court. (Doc. 1 at 4-5).  The petition directly references claims made to his civil rights case pending in this court at Case. No. 1:21-cv-01473-JLT-GSA.  (*Id.*).  And, the Court takes judicial notice that petitioner does have a pending prisoner § 1983 civil rights case in this court: *Hudkins v. Clark*, No. 1:21-cv-1473-JLT-GSA, Doc. No. 1 (E.D. Cal. Oct. 1, 2021).

## II. APPLICABLE LAW AND ANALYSIS

Here, the petition, although on the preapproved § 2254 form, does not challenge the fact or length of petitioner's confinement.  *See Badea v. Cox*, 931 F. 2d 573, 574 (9th Cir. 1991) (noting purpose of habeas is to challenge "legality or duration" of a petitioner's incarceration, quoting *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973)).  Instead, the petition complains about the conditions of petitioner's confinement, which is properly challenged in a civil rights action under 42 U.S.C. § 1983.  *See Preiser*, 411 U.S. at 499.  While the court has discretion to construe a habeas petition as a civil rights action under § 1983, such recharacterization is appropriate only if it is "amendable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief." *Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016).

"It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims." *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) (citing *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007).  "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 487 F.3d at 688.  In "assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* at 689.

Petitioner's claims appear synonymous with those complained of in petitioner's earlier civil rights case filed at 1:21-cv-1473-JLT-GSA.  Therefore, the undersigned recommends that the petition be dismissed because it raises claims relating to petitioner's conditions of his confinement, not the fact or duration of his confinement, and it not be converted to a civil rights complaint because it is duplicative of his earlier-filed civil rights case.

Accordingly, it is ORDERED:

The clerk of court is directed to assign this case to a district judge for the purposes of reviewing these findings and recommendations.

It is further RECOMMENDED:

1. The District Court dismiss the petition (Doc. No. 1).

2. The Clerk be directed to terminate any pending motions and close this case.

NOTICE TO THE PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   April 29, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3